FILED & ENTERED

JAN 28 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>James Ellis Arden,<br><br><br><br>                       Debtor. | Case No.: 1:13-bk-13879-VK<br><br>CHAPTER 7<br><br>**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE WHY DEBTOR'S ATTORNEY SHOULD NOT BE SANCTIONED AND/OR DISCIPLINED [DOC. 39]**<br><br>[No Hearing Required; LBR 9020-1(d)(2)] |

**I. BACKGROUND**

On June 7, 2013, James Ellis Arden ("Debtor") filed a voluntary chapter 7 petition. On July 12, 2013, Martina A. Silas filed a complaint against Debtor, initiating adversary proceeding no. 1:13-ap-01164-VK. Through the adversary proceeding, Ms. Silas requested nondischargeability of the debt owed to her under 11 U.S.C. §§ 523(a)(2) and (a)(6) and denial of Debtor's discharge under 11 U.S.C. §§ 727(a)(3) and (a)(4).

On September 27, 2013, Ms. Silas filed a motion for summary judgment under 11 U.S.C. § 523(a)(6) [Adversary Docket, doc. 12]. On April 4, 2014, the Court entered an order granting

Ms. Silas' motion for summary judgment [doc. 40] and entered judgment in favor of Ms. Silas (the "Judgment") [doc. 41].

On November 25, 2014, after obtaining the Judgment, Ms. Silas filed a motion for relief from the automatic stay to continue her collection efforts in state court [doc. 14]. On December 30, 2014, the Court entered an order granting the motion for relief from the automatic stay on account of the Judgment (the "Relief from Stay Order") [doc. 21].

On July 2, 2015, after an appeal by Debtor, the Bankruptcy Appellate Panel of the Ninth Circuit vacated the Judgment and remanded the matter to this Court.

On September 9, 2015, Debtor filed a motion to vacate the Relief from Stay Order (the "Motion to Vacate") [doc. 23] on the basis that the Judgment on which the Relief from Stay Order was based was now vacated. On October 1, 2015, the Court held a hearing on the Motion to Vacate. Debtor and Ms. Silas appeared and provided oral arguments in support of their positions regarding the Motion to Vacate. Although the Court granted the Motion to Vacate, in a ruling issued the same day, the Court clarified that the then-pending state court contempt proceeding against Debtor was not subject to the automatic stay.

On December 15, 2015, Martina A. Silas filed the *Motion for Order to Show Cause Why Debtor's Attorney Steven R. Fox Should Not be Monetarily Sanctioned and/or Disciplined for Misconduct* (the "Motion") [doc. 39]. Among other things, Ms. Silas asserts that Debtor's attorney, Steven R. Fox, knowingly made material false representations of fact during oral argument in support of the Motion to Vacate, including accusing Ms. Silas of committing perjury. As a result, Ms. Silas requests an order to show cause why Mr. Fox should not be subject to monetary sanctions and/or discipline pursuant to, *inter alia*, Federal Rule of Bankruptcy Procedure 9011, the California Rules of Professional Conduct and the Court's inherent authority.

## II. SANCTIONS UNDER 28 U.S.C. § 1927

Ms. Silas briefly mentions 28 U.S.C. § 1927 as a basis for the Motion, although Ms. Silas does not provide any legal analysis under this statute. To the extent that Ms. Silas requests the Court grant sanctions under 28 U.S.C. § 1927, the Court does not have authority to do so.

> Pursuant to 28 U.S.C. § 1927—
>
> Any attorney or other person admitted to conduct cases in any *court of the United States* or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

(emphasis added). In the Ninth Circuit, bankruptcy courts are not considered "court[s] of the United States" within the meaning of 28 U.S.C. § 451. Consequently, bankruptcy courts lack authority to award sanctions under 28 U.S.C. § 1927. *See In re Perroton*, 958 F.2d 889 (9th Cir. 1992); *In re Sandoval*, 186 B.R. 490, 495-96 (B.A.P. 9th Cir. 1995); *and In re Price*, 410 B.R. 51, 57-58 (Bankr. E.D. Cal. 2009).

Consequently, this Court cannot grant Ms. Silas' request for sanctions under 28 U.S.C. § 1927.

### III. FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011

Pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 9011—

(a) Signature

Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) Representations to the court

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

> (1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

"Rule 9011 is the bankruptcy counterpart of [Federal Rule of Civil Procedure] 11. [Federal Rule of Civil Procedure] 11 precedents are appropriately considered in interpreting Rule 9011." *In re Kayne*, 453 B.R. 372, 381 (B.A.P. 9th Cir. 2011) (citing to *Marsch v. Marsch*, 36 F.3d 825, 829 (9th Cir. 1994)).

"While Rule 11 permits the district court to sanction an attorney for conduct regarding 'pleading[s], written motion[s], and other paper[s]' that have been signed and filed in a given case, Fed. R. Civ. P. 11(a), it does not authorize sanctions for, among other things,… misstatements made to the court during an oral presentation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1130 (9th Cir. 2002); *see also Bus. Guides, Inc. v. Chromatic Communications Enter.*, 892 F.2d 802, 813 (9th Cir. 1989) (holding that misstatements made during oral argument do not constitute sanctionable offenses under Federal Rule of Civil Procedure 11); *and* Fed. R. Civ. P. 11, advisory committee notes, 1993 Amendments, Subdivisions (b) and (c) ("The rule applies only to assertions contained in papers filed with or submitted to the court. It does not cover matters arising for the first time during oral presentations to the court, when counsel may make statements that would not be made if there had been more time for study and reflection.").

Here, the Motion is based solely on Mr. Fox's oral arguments made during the hearing on the Motion to Vacate. As a result, Rule 9011 does not apply, and Ms. Silas' request for sanctions under Rule 9011 must be denied.

The cases noted by Ms. Silas do not compel a different conclusion. In support of Ms. Silas' argument under Rule 9011, the Motion relies on cases that: (1) address written

1 submissions to the Court and are thus irrelevant for Ms. Silas' purposes, *In re DeVille*, 361 F.3d
2 539 (9th Cir. 2004); (2) discuss sanctioning attorneys for misrepresenting the record *on appeal* in
3 contravention of Federal Rule of Appellate Procedure 46(c), *DCD Programs, Ltd. v. Leighton*,
4 846 F.2d 526 (9th Cir. 1988); *In re Disciplinary Action Boucher*, 837 F.2d 869 (9th Cir. 1988),
5 *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991); (3) find disciplining
6 an attorney was warranted under a local rule of the court and Rule 8.2(a) of the Rules of
7 Professional Conduct of the Washington State Bar when the attorney made false statements
8 *about a judge*, *U.S. Dist. Court v. Sandlin*, 12 F.3d 861 (9th Cir. 1993); or (4) discuss
9 sanctioning attorneys under the Court's inherent power, which is separately discussed below.

10   Ms. Silas points to *In re Kilgore*, 253 B.R. 179 (Bankr. D.S.C. 2000), for the proposition
11 that sanctions under Rule 9011 "do not impose liability solely on the basis of a signature, but
12 they also allow liability to fall on parties who are represented by counsel and who do not sign
13 any offending document." *Kilgore*, at 186. However, the *Kilgore* court held that, in certain cases,
14 Federal Rule of Civil Procedure 11 (and its counterpart, Rule 9011), could support an award of
15 sanctions against a *party* for written representations made by the party's attorney. *Id*. The court
16 did *not* hold that the representation at issue could be an oral statement made at a hearing.

17   Consequently, Mr. Fox may not be sanctioned under Rule 9011.

### IV. CAL. BUS. & PROF. CODE § 6068 AND CALIFORNIA
### RULE OF PROFESSIONAL CONDUCT 5-200

20   Ms. Silas also requests sanctions under Cal. Bus. & Prof. Code § 6068, which provides in
21 relevant part—

22   It is the duty of an attorney to do all of the following:
23   (c) To counsel or maintain those actions, proceedings, or defenses only as appear to him or
24       her legal or just, except the defense of a person charged with a public offense.
25   (d) To employ, for the purpose of maintaining the causes confided to him or her those means
26       only as are consistent with truth, and never to seek to mislead the judge or any judicial
27       officer by an article or false statement of fact or law.
28       …

(f) To advance no fact prejudicial to the honor or reputation of a party or witness, unless required by the justice of the case with which he or she is charged.

Pursuant to Cal. Rule of Professional Conduct 5-200—

In presenting a matter to a tribunal, a member:

(A) Shall employ, for the purpose of maintaining the causes confided to the member such means only as are consistent with truth;

(B) Shall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law;

…

(E) Shall not assert personal knowledge of the facts at issue, except when testifying as a witness.

Here, Ms. Silas has not demonstrated that Mr. Fox violated either Cal. Bus. & Prof. Code § 6068 or any rules of professional conduct.

A. *Cal. Bus. & Prof. Code § 6068(c)*

First, Ms. Silas did not show that Mr. Fox counseled or maintained an action which did not appear to him to be "legal or just." Cal. Bus. & Prof. Code § 6068(c). Under Cal. Bus. & Prof. Code § 6068(c), attorneys "ha[ve] an ethical duty to refuse to pursue a baseless claim." *In re Luxury Imports of Sacrament, Inc.*, 2012 WL 1608348, at *1 (E.D. Cal. May 8, 2012); *see also Pierotti v. Torian*, 81 Cal.App.4th 17, 36-37 (Ct. App. 2000) (pursuant to § 6068 sanctions may be assessed solely against a lawyer who had a professional obligation not to pursue an appeal because it was "so totally lacking in merit"). Courts generally find a violation of § 6068(c) when attorneys counsel clients to "elude a court order and to achieve this purpose unlawfully," "demonstrate[] malicious obstinacy by repeatedly litigating the same issue time and again" or "assert[] a position that was wholly disproportionate and punitive." *In Matter of Eytan*, 2011 WL 9375628, at *5 (Cal. Bar Ct. Oct. 4, 2011). "Counsel and their clients have a right to present issues that are arguably correct…." *In re Marriage of Flaherty*, 31 Cal.3d 637, 650 (1982).

Here, Mr. Fox argued that Ms. Silas' pursuit of sanctions in state court would be subject to the automatic stay, if her claim against Debtor could be discharged, and the Court held that the then-pending contempt proceeding in state court, directed at Debtor's noncompliance with orders of the state court, was not subject to the automatic stay. However, this decision of the Court does not mean that Mr. Fox inappropriately maintained an "action[], proceeding[], or defense[]" that was not "legal or just." Cal. Bus. & Prof. Code § 6068(c). There is no evidence that Mr. Fox believed his position to be baseless. In fact, although the Court held that the state court contempt proceeding was not subject to the automatic stay, Mr. Fox was otherwise successful because the Court granted the Motion to Vacate.

   B. *Cal. Bus. & Prof. Code § 6068(d) and California Rules of Professional Conduct 5-200(A) and 5-200(B)*

Next, as concerns Cal. Bus. & Prof. Code § 6068(d), Ms. Silas did not demonstrate that Mr. Fox sought to mislead the Court by making a false statement of fact or law. "California law imposes a duty of candor on all attorneys." *Applied Materials, Inc. v. Multimetrixs, LLC*, 2008 WL 2892453, at *10 (N.D. Cal. Jul. 22, 2008). "Counsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice." *Datig v. Dove Books, Inc.*, 73 Cal.App.4th 964, 980 (Ct. App. 1999); *see also Morrow v. Superior Court*, 30 Cal.App.4th 1252, 1261-62 (Ct. App. 1994) (stating that the purpose of § 6068 and similar statues is to preserve the sanctity of the justice system).

Here, Mr. Fox did not breach his duty of candor, and his statements during oral argument did not impede the Court's mission to avoid error and decide the cause in a just manner. Ms. Silas asserts that Mr. Fox falsely asserted that Ms. Silas had stated in a declaration that she was seeking to collect money as a result of the contempt proceeding. Although no such statement was found in Ms. Silas' declaration, by Ms. Silas' own admission, Ms. Silas had previously made such a statement in a declaration in connection with a *prior* contempt proceeding in state court. Ms. Silas is correct that the prior contempt proceeding was not at issue during the hearing

on the Motion to Vacate.  However, it appears Mr. Fox's comments were made by mistake and not for the purpose of intentionally misleading the Court.  Other than confusing which declaration contained the statement regarding collection, the evidence does not show any other false or misleading statement made by Mr. Fox during the hearing on the Motion to Vacate.  Thus, there is no violation of Cal. Bus. & Prof. Code § 6068(d).  As California Rules of Professional Conduct 5-200(A) and 5-200(B) are nearly identical to § 6068(d), there is also no violation of those rules.

*C. Cal. Bus. & Prof. Code § 6068(f)*

Ms. Silas also did not show a violation of Cal. Bus. & Prof. Code § 6068(f), which imposes a duty on attorneys to refrain from advancing facts that are "prejudicial to the honor or reputation of a party or witness."  According to Ms. Silas, Mr. Fox falsely accused Ms. Silas of committing perjury.  Although Ms. Silas is correct that Mr. Fox's accusation was baseless, the accusation does not rise to the level of a sanctionable violation for two reasons.  First, as noted above, it appears Mr. Fox believed Ms. Silas committed perjury because he confused the declaration related to the then-pending contempt proceeding with a prior declaration filed in connection with a previous contempt proceeding.  Second, section 6068(f) covers facts that are prejudicial to the honor or reputation of a party.  As the statement was not made in front of a jury, nor relied upon by the Court, Ms. Silas was not prejudiced.  Consequently, Mr. Fox did not violate Cal. Bus. & Prof. Code § 6068(f).

*D. California Rule of Professional Conduct 5-200(E)*

Finally, with respect to California Rule of Professional Conduct 5-200(E), Ms. Silas states that Mr. Fox stated, as his own personal knowledge, that Ms. Silas was in fact seeking collection in the state court.  However, Ms. Silas does not point to a specific portion of the record demonstrating that Mr. Fox made assertions based on his personal knowledge.  The record shows that Mr. Fox orally argued his position based on the submitted papers, even though a small part of the argument rested on Mr. Fox's incorrect recollection of Ms. Silas' state court declarations.  At no point did Mr. Fox state that he had personal knowledge of facts.

As a result, the Motion does not set forth sanctionable conduct based on Cal. Bus. & Prof. Code § 6068 or California Rule of Professional Conduct 5-200.

**V. THE COURT'S INHERENT AUTHORITY TO SANCTION BAD FAITH CONDUCT**

Courts have inherent authority to sanction bad faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991); *see also In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009) (recognizing that *Chambers* extends to bankruptcy courts). "The inherent sanction authority allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics." *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). A court's inherent power to sanction bad faith conduct is distinct from, and is not displaced by, federal statutes or rules. *In re DeVille*, 280 B.R. 483, 495 (B.A.P. 9th Cir. 2002).

When imposing a sanction under its inherent power, the court must make a finding of bad faith or willful misconduct. *Dyer*, 322 F.3d at 1196; *see also In re Fjeldsted*, 293 B.R. 12, 26-27 (B.A.P. 9th Cir. 2003). Bad faith or willful misconduct requires something more egregious than mere negligence or recklessness. *Dyer*, at 1196. Ignorance or inadvertence is not sufficient to support a sanction award under a court's inherent authority. *Id.*, at 1196-97.

The cases noted by Ms. Silas are distinguishable from the facts here. In *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001), the plaintiff, a prisoner, filed two lawsuits against prison guards stemming from an altercation in which he was injured. *Fink*, at 990. In one of the lawsuits, the plaintiff filed a petition for habeas corpus alleging that the state's disciplinary proceeding following the altercation violated his constitutional rights. *Id*. The district court granted the petition on the condition that the state could hold a new disciplinary hearing within 60 days. *Id*. As the state did not conduct a hearing within 60 days, the judgment became unconditional. *Id*.

An attorney representing certain defendants participated in an off-the-record telephonic conference with the district court, at which time she "told the district court that California law required the prison to hold a disciplinary hearing concerning the…altercation, although the conditional judgment precluded a new disciplinary hearing." *Id*. Based on this representation, the district court allowed the state to proceed with a disciplinary hearing, but specifically instructed that the hearing should not have any adverse consequences for the plaintiff. *Id*.

Despite this instruction, the disciplinary hearing resulted in adversary consequences for the plaintiff. *Id.* Two months later, during a hearing in district court, the same attorney represented to the district court that the disciplinary hearing was evidentiary only and did not result in any change to the plaintiff's status. *Id.*, at 991.

The district court found that the attorney "attempted repeatedly to mislead the court by making misrepresentations regarding the state of the record, the orders of the court, and the actions taken by respondent" and that these "various misrepresentations" led to "adverse consequences" for the opposing party. *Fink*, at 990-91. The district court decided not to sanction the attorney; although that court found that the attorney's conduct constituted "reckless disregard for the truth," it was unclear whether *subjective* bad faith was required to impose sanctions. *Id.*, at 991. In reversing the district court, the Ninth Circuit Court of Appeals explained:

> The district court was correct that mere recklessness, without more, does not justify sanctions under a court's inherent power. But…sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. Therefore, we hold that an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power.

*Id.*, at 993-94.

In *Lipsig v. Nat'l Student Mktg. Corp.*, 663 F.2d 178 (D.C. Cir. 1980), the court found bad faith where the record was "replete with convincing evidence of the [party's] bad faith both in initiating and prosecuting [a] counterclaim." *Lipsig*, at 181. The conduct included "engag[ing] in dilatory tactics during discovery and courtroom hearings, consistently fail[ing] to meet scheduled filings deadlines, misus[ing] the discovery privilege and on at least two occasions seriously misle[ading] the Court by misquoting or omitting material portions of documentary evidence." *Id.* (internal quotation omitted).

Here, Ms. Silas did not show that Mr. Fox's conduct rose to the level of bad faith or willful misconduct. Mr. Fox's statements during the hearing are not tantamount to the conduct exhibited by the attorneys who faced sanctions in *Fink* or *Lipsig*. In those cases, the attorneys

either: (1) exhibited reckless conduct coupled with evidence of frivolousness, harassment or improper purpose or (2) engaged in numerous acts demonstrating bad faith.  The record here does not show that Mr. Fox's statements made during a single hearing, while inaccurate and discourteous, constitute the type of sanctionable conduct contemplated by *Dyer* and other case law.

Having considered the Motion, attached exhibits and relevant authority, and good cause appearing, it is hereby

ORDERED, that the Motion is denied.

### 

Date: January 28, 2016

Victoria S. Kaufman
United States Bankruptcy Judge